UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PCH FARMS, LP,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICA BERRY FARMS, INC., et al.,<br><br>    Defendants. | Case No. 5:20-cv-01122-EJD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 7 |

On February 13, 2020, Plaintiff PCH Farms, LP filed an ex parte application for a temporary restraining order against Defendants American Berry Farms, Inc., Adrian Mendez, and Bertha Fernandez. Dkt. No 7. On February 14, 2020 the case was reassigned to the undersigned. Dkt. No. 9. For the reasons discussed below, the Court denies the application.

This case arises under the Perishable Agricultural Commodities Act ("PACA"). Plaintiff, a dealer of fresh produce, contends that it is a beneficiary of a statutory trust established under PACA. Defendants, dealers of perishable agricultural produce, are trustees under the PACA statutory trust. Plaintiff contends that Defendants have a duty to hold in trust for Plaintiff all produce, produce-related inventory, and assets acquired through the sale of produce—including any receivables or proceeds from the sale thereof until Plaintiff's trust claim is fully paid. Plaintiff alleges that it grew and sold several shipments of produce to Defendants for $58,968 in August and September of 2018. Plaintiff alleges that balance remains outstanding. Plaintiff further alleges Defendants are in dire financial straits, which jeopardizes Plaintiff's outstanding trust claim. Plaintiff bases this contention on a representation from February 20**19** that Defendants had begun contemplating Chapter 11 Bankruptcy. Lewis Dec. ¶ 5, Ex. 3. Plaintiff also raises other allegations based on events that took place on May 2019. Dkt. No. 7-4 at 13. Plaintiff now seeks a temporary restraining order compelling Defendants to deposit the outstanding $58,968 (in addition to interest and attorneys' fees) in a separate trust, and enjoining Defendants from

Case No.: 5:20-cv-01122-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
1

dissipating their assets.

"The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016). "A plaintiff seeking either remedy must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (internal citation and quotation omitted). On a TRO, a plaintiff must demonstrate that there exists a *significant* threat of irreparable injury. *See, e.g.*, *Baker DC v. NLRB*, 102 F. Supp. 3d 194, 198 (D.D.C. 2015). Where a plaintiff delays in seeking a TRO, courts have held that such a delay to indicate that no immediate threat exists. *See Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086 (N.D. Cal. 2012); *see also Bieros v. Nicola*, 857 F. Supp. 445 (E.D. Pa. 1994) (denying TRO where threat had been made 10 months before the plaintiff filed the application).

Here, Plaintiff has not shown that any ***immediate*** threat of harm exists. While Plaintiff contends that Defendants considered bankruptcy 12 months ago and that the IRS recorded liens against Defendants as recently as May 2019, that does not show why a TRO is necessary now. Plaintiff makes no attempt to explain its delay in seeking this relief. Accordingly, the Court finds that Plaintiff has not satisfied the irreparable harm factor and the Court denies the application on that basis.

The application is denied.

**IT IS SO ORDERED.**

Dated: February 14, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01122-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
2